IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-01783-CMA-NYW

MICHAEL KILEY,

    Plaintiff,

v.

JEFFCO PUBLIC SCHOOLS, and
JOSEPHINE GALLAGHER, in her official capacity,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Magistrate Judge Nina Y. Wang

This matter comes before the court on Plaintiff Michael Kiley's ("Plaintiff" or "Mr. Kiley") Motion for Leave to File a Second Amended Complaint ("Motion to Amend" or "Motion") [#21, filed October 5, 2017] and Defendant's Motion to Dismiss Plaintiff's First Amended Complaint ("Motion to Dismiss") [#24, filed October 10, 2017]. The undersigned considers the Motion pursuant to 28 U.S.C. § 636(b), the Order of Reference dated August 31, 2017 [#13], and the memorandum dated October 6, 2017 [#22]. This court has determined that oral argument will not assist in the resolution of this matter. Accordingly, upon careful review of the Motions, the entire case file, and the applicable law, this court respectfully RECOMMENDS that the Motion to Amend be GRANTED[1] and the Motion to Dismiss be DENIED as moot.

---

[1] Because Local Rule 72.3 defines "[d]ispositive motions" to include motions to amend, *see* D.C.COLO.LCivR 72.3(a), this court addresses the pending Motion in a Recommendation rather than in an Order.

## BACKGROUND

Plaintiff initiated this action by filing his Complaint on July 22, 2017. [#1]. Plaintiff, a sixty-eight-year-old male and former employee of the Jefferson County Public School District (the "District"), worked as a "Regular School Bus Driver" for the District from August 2017 to December 9, 2017. [*Id.* at ¶10]. Plaintiff alleges that he was "diagnosed with hearing loss in March of 2001," which required him to use hearing aids. [*Id.* at ¶ 13]. Due to his hearing loss, Plaintiff requested several accommodations that would make it easier to perform his job. These included a rear engine bus as well as an on-board "bus attendant." [*Id.* at ¶¶ 15, 17]. Plaintiff alleges, however, that Defendant Josephine Gallagher, Director of West Terminal, initially provided a rear engine bus, but "inexplicably took the accommodating [] bus away from Mr. Kiley[.]" [*Id.* at ¶ 15]. Nor was Plaintiff provided an on-board bus attendant. [*Id.* at ¶ 17].

Plaintiff claims he was discriminated against because of his age and disability. Thus, Mr. Kiley asserted claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq.*, and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.* [#1]. Originally, Plaintiff named as Defendants the District, Ms. Gallagher, R. Craig Hess the Chief Legal Counsel for the District, and Christopher Esser the Employer Relations Attorney for the District. [#1]. However, at the September 12, 2017 Status Conference, counsel discussed dismissing the individual Defendants. [#19 at 1]. The undersigned then directed Plaintiff to file an amended complaint on or before September 29, 2017, to reflect these changes. [*Id.*]. This court also set the matter for a further Scheduling Conference on October 20, 2017. [*Id.* at 2].

Mr. Kiley filed his First Amended Complaint on September 29, 2017. [#20]. In doing so, however, Plaintiff filed only a redlined version of his First Amended Complaint that did not comply with Local Rule of Civil Practice 15.1. [*Id.*]; D.C.COLO.LCivR 15.1. Plaintiff was

2

informed that a clean version of the First Amended Complaint was required. Then, on October 5, 2017, Mr. Kiley filed the instant Motion requesting leave to file a Second Amended Complaint ("SAC"). [#21]. Because it was unclear whether Defendants opposed this instant Motion to Amend, this court ordered Defendants to file a Notice indicating their position on the requested relief. [#23]. Defendants indicate that they do not oppose the Motion to Amend. *See* [#25].

In the interim, on October 10, 2017, Defendants filed a Motion to Dismiss Plaintiff's First Amended Complaint [#24], which was referred to the undersigned Magistrate Judge today. [#26].

## ANALYSIS

**I.  Motion to Amend**

Because there is no Scheduling Order in place but the time to amend as a matter of right has elapsed, the court's analysis proceeds under Rule 15(a)(2) of the Federal Rules of Civil Procedure. *See Fernandez v. Bridgestone/Firestone, Inc.*, 105 F. Supp. 2d 1194, 1195 (D. Colo. 2000). Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave to amend "shall be freely given when justice so requires." *Id.* However, the court may refuse leave to amend upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment. *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365 (10th Cir. 1993); *accord Watson v. Beckel*, 242 F.3d 1237, 1239–40 (10th Cir. 2001) (observing that a court may dismiss a motion to amend if amendment is futile, *i.e.*, the amended complaint would be subject to dismissal for any reason). Ultimately, whether to allow amendment is within the trial court's discretion. *Burks v. Oklahoma Publ'g Co.,* 81 F.3d 975, 978–79 (10th Cir. 1996).

A review of the proposed Second Amended Complaint ("SAC") reveals that Plaintiff intends to dismiss Defendants Hess and Esser, leaving the District and Ms. Gallagher in her official capacity only. [#21 at 2; #21-3 at 2]. The proposed SAC therefore removes any allegations concerning Defendants Hess and Esser. Additionally, the proposed SAC dismisses Plaintiff's ADEA claim, and incorporates a new allegation regarding the timeliness of Plaintiff's ADA claim, following his receipt of the Equal Employment Opportunity Commission's ("EEOC") Notice of Right to Sue. [#21 at 2; #21-3 at 3]. Therefore, leave to amend appears warranted under Rule 15(a)(2).

## II.     Motion to Dismiss

An amended complaint generally moots any motion directed at an inoperative pleading. *See Gotfredson v. Larsen LP*, 432 F. Supp. 2d 1163, 1172 (D. Colo. 2006). A review of the pending Motion to Dismiss suggests that Defendants' attack upon the timeliness of Plaintiff's Complaint, following his receipt of the EEOC's Notice of Right to Sue, is equally applicable to the proposed SAC. [#24]. However, as noted above, there is one additional allegation contained in the proposed SAC directed at the timeliness of Mr. Kiley's action. [#21-3 at 3, ¶ 4.a]. Accordingly, for the sake of clarity on the court's docket and to avoid any confusion as to what Plaintiff needs to address in response to any Motion to Dismiss, this court concludes that the best course of action is to respectfully RECOMMEND that the pending Motion to Dismiss be denied as moot, and direct any remaining Defendants to re-file any appropriate motion to dismiss directed at the operative complaint.

## CONCLUSION

For the reasons stated herein, this court respectfully **RECOMMENDS** that:

(1) Plaintiff's Motion to Amend [#21] be **GRANTED**;

(2) The Clerk of the Court **ACCEPT** for filing [#21-2], file it as a separate entry on the docket, and amend the caption to reflect the remaining Defendants in this matter; and

(3) Defendants' Motion to Dismiss Plaintiff's First Amended Complaint [#24] be **DENIED AS MOOT**. [2]

DATED: October 12, 2017

BY THE COURT:

s/Nina Y. Wang
Nina Y. Wang
United States Magistrate Judge

---

[2] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).