**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Christine M. Arguello**

Civil Action No. 17-cv-01783-CMA-NYW

MICHAEL KILEY,

      Plaintiff,

v.

JEFFERSON COUNTY SCHOOL DISTRICT,
JOSEPHINE GALLAGHER, in her official capacity,

      Defendants.

---

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'**
**MOTION TO DISMISS**

---

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's

Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc.

# 33.) For the reasons discussed herein, the Court grants in part and denies in part

Defendants' Motion to Dismiss.

## I.   <u>BACKGROUND</u>

Plaintiff, a former employee of the Jefferson County School District, alleges he

was discriminated against by Defendants in violation of the Americans with Disabilities

Act (the "ADA"), 42 U.S.C. §12181. (Doc. # 32.) Plaintiff timely filed a Charge of

Discrimination with the Equal Employment Opportunity Commission ("EEOC") in

Denver, Colorado, on January 24, 2017. (Doc. # 33 at 2.) The EEOC issued its Dismissal and Notice of Right-to-Sue letter ("Notice") on April 19, 2017, in which it notified Plaintiff that the EEOC was closing its file on the charge and gave Plaintiff the requisite permission to file a lawsuit in federal or state court. (Doc. # 33-3.) The Notice additionally informed Plaintiff that, in order to pursue the matter further, a lawsuit had to be filed "**within 90-days of the date you *receive* this Notice.**" (*Id.* at 2) (emphasis in original).

Defendants filed the instant Motion to Dismiss Plaintiff's Second Amended Complaint on November 15, 2017, asserting first that Plaintiff's claim is time-barred. (Doc. # 33 at 3.) Defendants allege Plaintiff was notified of his right-to-sue, whether by written notice or a telephone conversation with an EEOC representative, on or before April 22, 2017. (*Id.* at 5.) Defendants claim that initiation of Plaintiff's suit on July 22, 2017, is therefore untimely because it is ninety-one days from the time he received the notification. (*Id.* at 5.) Defendants raise a second, alternative ground for dismissal, asserting that Defendant Gallagher should be dismissed from the case because the ADA does not permit claims against individual defendants. (*Id.* at 6.)

In response, Plaintiff alleges he received his Notice on April 24, 2017, and that he filed his claim with the Court on July 22, 2017, eighty-nine days after he received the Notice.[1] (Doc. # 34-1 at 4.) Plaintiff denies knowledge of the issuance or receipt of the

---

[1]In his claim, Plaintiff alleges Defendants discriminated against him in violation of the ADA. (Doc. # 32 at 5.) Defendants' alleged discriminatory acts include subjecting Plaintiff to adverse working conditions to which similarly-situated non-disabled employees were not subjected; terminating him without cause; and failing to promote him to the open position for which he had qualified. (Doc. # 32 at 4.)

Notice of his right-to-sue prior to April 24, 2017. (*Id.*) With respect to dismissal of Defendant Gallagher, Plaintiff asserts that there is no prohibition in the ADA against naming an individual in his or her official capacity. (Doc. # 34 at 2.)

On December 20, 2017, Defendants filed their reply brief, asserting that Plaintiff had actual notice that the EEOC charge had been dismissed prior to April 24, 2017, and that naming both an employer and its employee in her official capacity is duplicative. (Doc. # 37 at 4–5.)

## II. <u>LEGAL STANDARD</u>

A challenge to the timeliness of a suit following an EEOC notice is considered under Rule 12(b)(6). *Barrett v. Rumsfeld*, 158 F. App'x 89, at 91 n.1 (10th Cir. 2005) (unpublished). In reviewing a 12(b)(6) motion to dismiss, "a district court may review indisputably authentic copies of documents without converting the motion into one for summary judgment, including documents that are central to the timeliness of the filing." *Id.*

Under Rule 12(b)(6), the Court may dismiss a complaint for failure to state a claim if it appears beyond a doubt that the plaintiff can plead no set of facts in support of his claim that would entitle him to relief. *Golan v. Ashcroft*, 310 F. Supp. 2d 1215, 1217 (D. Colo. 2004). Therefore, a complaint will only survive such a motion if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "The question is whether, if the allegations are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law." *Christy Sports, LLC v. Deer Valley Resort Co., Ltd.*, 555 F.3d 1188, 1192 (10th Cir. 2009).

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Miller v. Glanz,* 948 F.2d 1562, 1565 (10th Cir. 1991). In reviewing a motion to dismiss, courts take all well-pleaded allegations in the plaintiff's complaint as true and construe the allegations in the light most favorable to plaintiff. *Bell Atl. Corp. v. Twombly,* 550 U.S. at 570; *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012).

### III.   ANALYSIS

### A.  WHETHER CLAIM WAS TIMELY FILED PURSUANT TO EEOC NOTICE

Pursuant to 42 U.S.C. § 2000e-5, the EEOC shall "notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought . . . by the person claiming to be aggrieved." 42 U.S.C. § 2000e-5(f)(1). The EEOC requires notice to include: "(1) [a]uthorization to the aggrieved person to bring a civil action . . . within 90 days from receipt of such authorization; (2) [a]dvice concerning the institution of such civil action by the person claiming to be aggrieved, where appropriate; (3) [a] copy of the charge; [and] (4) [t]he [EEOC'S] decision, determination, or dismissal, as appropriate." 29 C.F.R. § 1601.28(e).

In this jurisdiction, the ninety-day limitation period can be triggered by physical receipt or actual receipt of a notice of the "EEOC's prior issuance of the right-to-sue." *Lombardi v. Advantage Logistics USA W., LLC*, No. 11-cv-02467-DME-MJW, 2012 WL 2319094, at *2–3 (D. Colo. June 19, 2012). "This ninety-day filing limit is not jurisdictional, but is a requirement that, like a statute of limitation, is subject to waiver,

estoppel and equitable tolling." *Jarrett v. U.S. Sprint Commc'ns Co.*, 22 F.3d 256, 259–60 (10th Cir.1994). "The ninety-day limit begins to run on the date the complainant actually receives the EEOC right-to-sue notice." *Witt v. Roadway Exp*., 136 F.3d 1424, 1429 (10th Cir.1998). Actual notice of the EEOC's prior issuance of the right-to-sue notice can also trigger the ninety-day period. *Lombardi,* 2012 WL 2319094, at *2. In *Lombardi*, the plaintiff was held to have actual notice in light of his sworn affidavit that **he had actual knowledge** that the EEOC had issued his right-to-sue notice, even if he had never received it. *Id.* at *3. Thus, the Court concluded that he failed to file a timely complaint. *Id.*

Further, in surveying other circuits, actual notice has been found to be sufficient to trigger the ninety-day waiting period in specific circumstances. The Sixth Circuit found actual notice when a plaintiff admitted she had actual knowledge the EEOC had issued her right-to-sue notice **one full year** prior to her filing suit. *See Cook v. Providence Hosp.,* 820 F.2d 176, 180 (6th Cir. 1987). Additionally, the Sixth Circuit held that the "90-day limitations period ... began running when plaintiff's counsel was informed via the telephone that the notice had been issued" to an old address at which plaintiff no longer received mail. *See Hopkins v. United Parcel Serv.,* 22 F.3d 1334, 2000 WL 923458, at *3 (6th Cir. 2000) (unpublished).

The Third Circuit held that "oral notice can suffice to start the 90-day period" provided that it is "equivalent to written notice." *Ebbert v. DaimlerChrysler Corp*., 319 F.3d 103, 116 (3d Cir. 2003). The defendant has the "burden of proving the oral notice was as comprehensive as the written version and, in particular, that it included an

explanation of the start date." *Id*. Similarly, the Seventh Circuit held that notice was inadequate because of the "the absence of evidence in the record" regarding a phone conversation between an EEOC representative and Plaintiff. *Detata v. Rollprint Packaging*, 632 F.3d 962, 970 (7th Cir. 2011).

In the instant case, Defendants allege Plaintiff had actual knowledge by April 22, 2017, at the latest, that the EEOC was not pursuing his Charge. (Doc. # 37 at 3.) Defendants explain that on April 22, Plaintiff sent an email to Defendants' counsel stating that his EEOC claim had been dismissed and the case was headed to a federal district court "within the short filing deadline." (*Id*.)

Plaintiff alleges that on April 4, 2017, he telephoned the EEOC investigator and was informed that the EEOC was "shorthanded and the notices have been slow going out." (Doc. # 34-1 at 3.) Plaintiff further alleges the investigator did not provide him any additional information regarding the status of his EEOC Charge. (*Id*.) Assuming *arguendo* that Plaintiff expected his right-to-sue Notice to be issued, the information the EEOC investigator provided on the telephone is not sufficient to meet the notice requirements set forth by the EEOC. Plaintiff alleges he had no knowledge that his right-to-sue Notice **had been** issued, nor did he know the contents of the Notice until he physically received a copy on April 24, 2017. (Doc. # 34-1 at 4.)

Defendants have not provided evidence that Plaintiff had knowledge that his Notice of right-to-sue had been issued after he spoke on the telephone with the EEOC investigator on April 4, 2017—only that it was forthcoming. In contrast to the facts in *Lombardi,* Plaintiff's sworn affidavit does not admit actual knowledge that the Notice had

6

been issued. (Doc. # 34-1 at 4.) Furthermore, Defendants have not provided evidence that Plaintiff had received oral notice equivalent to the written notice requirements. Defendants' Motion to Dismiss Plaintiff's complaint based on failure to timely file suit is denied.

## B.  WHETHER THE CLAIM CAN PROCEED AGAINST AN INDIVIDUAL

The ADA prohibits discrimination by any "covered entity," defined as "an employer, employment agency, labor organization, or joint labor-management committee." 42 U.S.C. §§ 12112(a), 12111(2). The ADA's definition of "employer" is "a person engaged in an industry affecting commerce who has 15 or more employees ... and any agent of such person." 42 U.S.C. § 12111(5)(A). This definition mirrors the definitions of "employer" in Title VII of the Civil Rights Act of 1964. *See* 42 U.S.C.A. § 2000e(b). Courts do not "discern a meaningful distinction between the definitions of 'employer' in Title VII and the ADA" and routinely apply arguments regarding individual liability between these statutes interchangeably. *Butler v. City of Prairie Village, Kan.*, 172 F.3d 736, 744 (10th Cir. 1999). "The proper method for a plaintiff to recover under Title VII is by suing the employer, either by naming the supervisory employees as agents of the employer or by naming the employer directly." *Sauers v. Salt Lake Cty.*, 1 F.3d 1122, 1125 (10th Cir. 1993) (quoting *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991)).

Plaintiff names both Jefferson County Public Schools and Gallagher, in her official capacity, as Defendants. (Doc. # 32 at 1.) However, because Plaintiff's claim against Defendant Gallagher is only in her official capacity, Plaintiff's suit operates as a

suit against Jefferson County School District. Therefore, naming both the school district and Defendant Gallagher in her official capacity is duplicative. Defendants' Motion to Dismiss the named individual plaintiff, Defendant Gallagher, is granted.

## IV.  CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (Doc. # 33) is DENIED IN PART and GRANTED IN PART. It is

FURTHER ORDERED that Defendants' Motion to Dismiss Plaintiff's complaint based on failure to timely file suit is DENIED. It is

FURTHER ORDERED that the Defendants' Motion to Dismiss Josephine Gallagher as an individual defendant is GRANTED. Defendant Josephine Gallagher, in her official capacity, is dismissed as a named defendant.  It is

FURTHER ORDERED that the caption on all subsequent filings shall reflect the removal of Josephine Gallagher as a Defendant in this case.


DATED:  February 12, 2018

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge